**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| J.S., | : | **Civil Action No. 25-00543** |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF | : |  |
| SOCIAL SECURITY, | : |  |
| Defendant. | : |  |
|  | : |  |
|  | : |  |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff J.S. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 78.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, and social security income, alleging disability beginning July 6, 2011. A hearing was held before ALJ Theresa Merrill (the "ALJ") on January 25, 2024 and the ALJ issued an unfavorable decision on February 7, 2024. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In decision of February 7, 2024, the ALJ found, at step two, that Plaintiff had severe impairments of spine disorder(s), bilateral knee impairments, learning disorder, and adjustment disorder with depressed mood. At step three, the ALJ found that Plaintiff's condition did not meet the requirements of any of the Listings of Impairments. At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with specific exertional and non-exertional limitations. Finally, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed, and the case remanded, based on two arguments. First, according to Plaintiff, the ALJ's RFC determination is not based on substantial evidence and therefore must be reversed or vacated. (Pl.'s Br. at 6). Second, Plaintiff argues that the ALJ's determination at step five that there exist significant jobs in significant numbers in the national economy that Plaintiff could perform is not supported by substantial evidence. (Pl.'s Br. at 21-22). Because the Court agrees with Plaintiff that the ALJ's step five assessment is fundamentally flawed, the Court will vacate the ALJ's decision and the Court need not address Plaintiff's challenge to the ALJ's RFC determination.

In reviewing the ALJ's determination, this Court must affirm the Commissioner's final decision if it is "supported by substantial evidence." 42 U.S.C. § 405(g). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Further, on appeal, Plaintiff carries twin burdens of proof. First, Plaintiff bears the burden at the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Second, Plaintiff bears the burden of showing not merely that the Commissioner erred, but also that the error was harmful. Shinseki v. Sanders, 556 U.S.

396, 409 (2009).  At step five, the burden of proof shifts to the Commissioner, who must prove that there are a significant number of jobs in the national economy that the Plaintiff can perform. Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 92 (3d Cir. 2007).

Plaintiff correctly argues that the cross-examination of the vocational expert elicited testimony that negated the expert's testimony about available jobs that Plaintiff can perform. (Pl.'s Br. at 21).  The ALJ determined at step four that Plaintiff retains the residual functional capacity to perform work where "specific production rates are not required."  (Tr. at 19).  And, at step five, consistent with her view of the vocational expert's testimony, the ALJ found that the following three jobs exist in significant numbers in the national economy that Plaintiff could perform: inspector/hand packager, small parts assembler, and sealing machine operator.  (Tr. at 29).  When examined by the ALJ, the vocational expert testified that these were jobs in which specific production rates are not required.  (Tr. at 72-74).  On cross-examination by Plaintiff's counsel, however, the vocational expert made a contrary admission:

> Q: And the jobs you cited -- the three jobs you cited in hypothetical one, they all have -- they don't have, as the judge was saying, they may not have production standards, but they all have -- you have to work at a certain pace throughout the day and perform something by the end of the day, is that correct? Or depending on what you had going?
>
> A: Correct, basically these jobs are not going to -- some are on a production line, but they -- but they do have to meet a standard by the end of the workday.
>
> . . .
>
> Q: So you're working pretty consistently?
>
> A: Yes, you'd have to maintain, you know, a pace, yes.

(Tr. at 76-77).  The vocational expert thus admitted that all three jobs "have to meet a standard by the end of the workday" and that "you'd have to maintain . . . a pace."  (Tr. 76-77.)  This

negates the expert's earlier testimony that these three jobs do not require specific production rates: the expert admitted that these three jobs *do*, at the end of the day, require specific production rates, and that a certain pace must be maintained.  This admission negates the expert's prior testimony that these three jobs do not require specific production rates.  Because, on cross-examination, the vocational expert negated his prior testimony on a crucial factual predicate, the vocational expert's testimony does not constitute substantial evidence that three jobs exist in significant numbers in the national economy that Plaintiff can perform.

Furthermore, Plaintiff raised this argument in his opening brief.  The Commissioner's opposition brief did not address or respond to this argument in any way.  This Court construes the Commissioner's silence as a concession that Plaintiff is correct on this point: the cross-examination testimony negated the vocational expert's prior testimony, leaving no evidence to support the proposition that three jobs exist in significant numbers in the national economy that Plaintiff can perform.  At step five, the Commissioner bears the burden of proof.  The Commissioner failed to carry this burden of proof.

For the reasons set forth above, this Court finds that the Commissioner's decision is not supported by substantial evidence and the decision of the Commissioner is vacated and remanded for further proceedings in accordance with this Opinion.

  s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated:  March 19, 2026

4